JEAN MAIO, *p.a. vs.* GEORGE ILG, *City Treasurer of the City of Cranston.*

APRIL 23, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This action of trespass on the case was brought by the plaintiff, a minor, through her father and next friend, against the city of Cranston for injuries suffered by her while using a swimming pool maintained by the city in a public school building. The case was tried to a jury in the superior court and resulted in a verdict for the plaintiff of $3,000 and thereafter the defendant's motion for a directed verdict, decision on which had been reserved pursuant to Rule No. 46 of the Superior Court, as well as its motion for a new trial were denied. The case is before us on the defendant's exceptions to the denial of its motions for a directed verdict and a new trial, to the overruling of its demurrer to each of the three counts of the plaintiff's amended declaration, to the court's charge and to another ruling of the trial justice.

The first count of the amended declaration charges a nuisance and the second and third counts charge negligence. The defendant's demurrer to each count presents issues of pleading and not of proof, and in our decision we consider only what is alleged in the declaration and whether those allegations entitled her to proceed to trial. The gravamen of each count is that the city permitted a picket fence with sharp edges to extend across the width of the pool at about its midpoint.

The initial question is whether the first count of the declaration sounding in nuisance is demurrable because it fails to state a cause of action. It is there alleged that the city negligently constructed, installed and maintained the fence which it knew or ought to have known constituted a highly dangerous, unsafe and extremely hazardous condition exposing persons lawfully using the swimming pool to bodily harm and injury, and that plaintiff was injured when she struck the fence after falling and being thrown into the swimming pool.

Based on these allegations, she contends that the condition complained of constituted a public nuisance causing a special injury to her for which the city is responsible. The defendant, however, contends that a municipality is liable for a public nuisance only to those who while on or adjacent to a public thoroughfare have been exposed to a known dangerous condition which directly interferes with their rights.

In support of this contention defendant relies on *Gibbons* v. *Fitzpatrick*, 56 R. I. 39, where a person on a public sidewalk was injured when struck by a piece of coping which fell from the city hall. In that case we adverted to the factual situation as not being the usual one where a person was injured while in or entering the city hall. It also cites *Iafrate* v. *Ramsden*, 96 R. I. 216, 190 A.2d 473. There an injury was suffered by a construction worker when a wall collapsed. In *Gibbons* we held the municipality liable because the public was accustomed to pass on the public highway abutting the city hall, and in *Iafrate* we reached a contrary result because the act or omission claimed to be a nuisance affected only persons on the construction site as employees of a subcontractor and not as a part of the general public.

Both of these cases came before us on demurrers and when our opinions in those cases are considered in the light

of the issues presented by the pleadings it becomes clear that neither stands for the principle that a public nuisance is actionable by an individual only if the injury was sustained by one on or adjacent to a public highway. Instead, the important consideration is not so much the location in and of itself of the condition complained of, but whether it was so located as to have had a common effect on many as distinguished from a few. 1 Wood, Nuisances (3d ed.), §20, p. 44. This was the standard applied in *Joyce* v. *Martin,* 15 R. I. 558, where we held that a defective wharf used in connection with a place of public resort as a landing place and place of egress for numerous visitors was dangerous to sufficiently large numbers of the general public as to support an action for nuisance. We reached a similar conclusion in *Desforge* v. *American-British Home Building Ass'n,* 63 R. I. 305, where the dangerous condition was in a hall which was used as a public resort and where people in great numbers gathered for public entertainments.

The question, assuming a nuisance, then becomes whether plaintiff's allegation that "said fence was constructed and installed in said swimming pool regularly used by school children of tender years" made it, as stated in 1 Wood, Nuisances (3d ed.), §18, p. 39, "to the common annoyance of the public * * *." If it did, and if its consequences were so extensive that they were not confined to a few persons, 1 Wood, Nuisances (3d ed.), §20, p. 44, then the city would lose its immunization from liability even if its maintenance of the swimming pool did not necessarily and naturally arise out of the performance of a governmental function. *Gibbons* v. *Fitzpatrick, supra.*

The plaintiff out of an abundance of foresight elected to declare on nuisance apparently in part at least in anticipation that we might hold the city immune from liability for negligence. In so doing she could have been aware of the precedent in Connecticut where after it was there held that an action in negligence will not lie for injuries sustained

in a swimming pool, *Hannon* v. *City of Waterbury*, 106 Conn. 13, it was later decided that one injured at a bathing beach could maintain an action charging the municipality with maintenance of a nuisance. *Hoffman* v. *City of Bristol*, 113 Conn. 386.

If plaintiff had here alleged a nuisance which was "to the common annoyance of the public," we might be warranted in chipping away at the doctrine of municipal exemption from liability for negligence by allowing an action for nuisance. This we can do, however, only for one who by her allegations brings herself within the ambit of those entitled to maintain private actions for a public nuisance. The plaintiff has not done this because her averment that the pool was "regularly used by school children of tender years" cannot reasonably be construed as an allegation that the general public, as distinguished from an unspecified number of school children, was exposed to the dangerous condition complained of or that the claimed nuisance affected many as distinguished from a few. The demurrer to the first count of the declaration should have been sustained.

The second and third counts sound in negligence. It is there alleged that plaintiff who was using the swimming pool at the city's invitation was injured as a result of the city's failure to keep the pool free from and to warn her of the existence therein of "defects, obstructions, and hazards," to wit, the fence.

By demurrer to each of these counts the city raises the narrow issue of whether in maintaining a pool whose use was granted to plaintiff upon the payment of a required admission fee, the city was engaged in a governmental function. Although the precise question has not heretofore been considered by us, the principles of law upon which its resolution depends have long been established.

Those principles extend the sovereign's exemption from liability to municipal corporations. *Wroblewski* v. *Clark*,

88 R. I. 235.  Thus, unless a right of action is conferred by statute, a municipality is immune from liability in private actions for omissions or neglect in the performance of a corporate duty imposed by law without its request when it neither receives nor is entitled to receive any privilege or profit, benefit or emolument in its corporate capacity in consideration of that duty. *Blair* v. *Granger,* 24 R. I. 17.  Moreover, the exemption is the same if the municipality in accepting the policy of the state acts voluntarily rather than in the performance of an obligation.  *Wixon* v. *City of Newport,* 13 R. I. 454.

The difficulty lies not in a statement of the controlling principles, but in their application.  The test simply stated is whether the municipality is performing for the common benefit a duty imposed or assumed, pursuant to a policy of the state, without derivation of a special benefit or profit therefrom.  When the test is met, even though the tortious or negligent action damages an individual, the benefit to the public of the duty discharged is deemed of paramount importance and is the justification for the immunity.

The maintenance of a swimming pool in a public school building affords an opportunity to municipalities under grant from the state, G. L. 1956, §32-3-2, "to establish, construct, equip, control and maintain public playgrounds, athletic fields, swimming pools, bathing places and other community recreation centers, and to conduct and promote recreation, play, sport and physical training * * *."  It is a type of benefit and public service which the municipalities of this state are authorized to confer upon their inhabitants. It offers the kind of social advantage which the state provides at its public beaches.  It does not differ from the recreational facilities municipalities provide in public parks or on public squares or commons, and we have held that a municipality is immune from liability at the suit of one who was injured because of the negligence of its employees or

licensees in furnishing recreational facilities in those places. *Hassett* v. *Thurston,* 43 R. I. 47; *Blair* v. *Granger, supra.* When looked at in this light, it is clear in our opinion that in maintaining the swimming pool the city rather than engaging in a corporate business was performing a governmental function.

The trial justice who overruled the demurrer to these two counts held that the allegation that plaintiff had "duly paid the required admission fee to use said pool" was a sufficient basis upon which to conclude that the city was engaged in a proprietary function. With that conclusion we cannot agree for even an incidental profit, and none is here alleged, is not considered to be that kind of special benefit or advantage which will destroy the city's immunity unless in fact it managed the pool as a business. Stated otherwise, a mere allegation of the charging of an admission fee is not enough to remove the case from the application of the general rule of exemption from liability without a further statement that the municipality had a particular interest in or was specially benefited or advantaged in its corporate capacity from the maintenance of the pool. *Blair* v. *Granger, supra.* For aught that appears in the declaration the fee that was paid as a requirement of admission was nominal and no more than a mere incident to the performance of the public duty and was imposed merely to defray in part necessary expenses incurred in making available the recreational facility for plaintiff's use. Something in addition is required to be alleged if the declaration is to meet the test of establishing that the municipality derived a benefit or profit in its corporate capacity.

In concluding that the demurrer to counts two and three of the declaration should be sustained, we are not unmindful of the diversity of opinion in other jurisdictions on the precise issue. The majority view is that a municipality which provides a swimming pool performs a governmental

function and is immune from liability for tort, even where a nominal fee is charged. See 55 A.L.R.2d 1434, and 18 McQuillin, Municipal Corporations (3d ed. rev.) §53.113, p. 443. The difference in approach of the two lines of authority is aptly stated in *Weeks* v. *City of Newark*, 62 N. J. Super. 166, an opinion in which the minority rule is followed, where at page 176 that court says:

"The courts that follow the Massachusetts doctrine proceed generally on the ground that the maintenance of a swimming pool is in the interest of the public health and welfare. Those that follow the New York rule recognize the modern tendency is against municipal nonliability, and although the public health might incidentally be benefited, it must be recognized that a municipality which operates a swimming pool is acting as a legal individual voluntarily assuming a duty, not imposed upon it, for the benefit of a locality rather than the general public. Beyond this we find little in the listed decisions that is persuasive in establishing where the line of separation should be drawn between governmental and proprietary activity as regards municipal swimming pools."

We have always strictly adhered to the distinction between governmental and proprietary functions in determining questions of municipal liability. Whether the modern day expansion of the field of governmental activities warrants a relaxation of that adherence has not however been argued in this case, and whether a contraction should take place as part of what some of the text writers refer to as an enlightened judicial policy or should rather be the subject of legislative action is not here in issue.

In holding that the trial justice erred in overruling the demurrer to the declaration we relied as to the first count on plaintiff's failure to allege that there was an exposure of substantial numbers of individuals to the dangerous condition complained of, while as to the second and third counts we held that in the maintenance of the pool the city was acting for the common benefit. That these might be con-

strued as inconsistent positions is of no consequence here because, as we have already indicated, we decide this case on the pleadings when we consider only what is contained in the separate counts of the declaration and we do not examine the evidence. So considered it is our opinion that plaintiff did not state a cause of action in any count.

Because our decision sustains the defendant's exception to the overruling of its demurrer to all counts of the declaration, we do not reach the other challenged rulings as they may not occur at the new trial if one is had.

The defendant's exception to the overruling of its demurrer to the three counts of the amended declaration is sustained, and the case is remitted to the superior court for further proceedings.

*William G. Gilroy, Thomas H. Needham,* for plaintiff.

*Christopher T. DelSesto, Jr.,* 1st Assistant City Solicitor of City of Cranston, for defendant.