205 A.2d 579.

ARAM K. BERBERIAN *vs.* EDWIN G. AVERY *et al.*

DECEMBER 22, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This cause is before us on the complainant's appeal from a decree of the superior court sustaining a demurrer to his bill of complaint and dismissing the bill. The bill seeks to enjoin Edwin G. Avery, commissioner of public works of the city of Cranston, from spraying the residential property owned and inhabited by the complainant and its environs in the Meshanticut Valley area of Cranston with lethal nonselective toxic chemicals which it is alleged "will kill outright or have serious sub-lethal effects on many living things which ingest or contact them, directly or indirectly." It further prays that George A. Ilg, treasurer of that city, be enjoined from expending public funds for such purpose. Prior to the hearing in the superior court on the demurrer, the bill was discontinued as to the respondent Copters Unlimited, Inc., the contractor which had been engaged by the respondent Avery to perform the spraying.

The complainant alleges in his bill that the announced intention of respondent Avery to spray for the ostensible purpose of controlling mosquitoes will result in killing outright or affecting sublethally certain living things including, specifically, wasps, earthworms, spiders, robins and swallows. These animals, he alleges, enhance the beneficial use of his property in the following manner. The wasps destroy insects injurious to the decorative and nutritional plants which he grows on his property; the earthworms aerate his soil; the spiders effectively control house-flies and other noxious insects; and the robins and swallows repress insects which are harmful to him.

The office of a demurrer is to test the legal sufficiency of all the facts which a complainant has properly alleged and for purposes of hearing thereon those facts are assumed to be true. The field of inquiry is a narrow one, *Wolfe* v. *City of Providence,* 73 R. I. 417, and is limited to a determination of whether proof of facts under the allegations of the bill can be made entitling the complainant to relief. *Davis* v. *Girard,* 74 R. I. 125; *Viall* v. *Rhode Island Hospital*

*Trust Co.*, 45 R. I. 432. In addition, the bill must contain sufficient specific allegations of fact as distinguished from conclusions to support the grounds upon which the equitable relief sought is premised. *Stockett* v. *Penn Mutual Life Ins. Co.*, 82 R. I. 172. In determining whether a bill meets the requirements, we consider it as a whole and give it a reasonable and not unduly technical interpretation. At the same time, in the absence of a controlling statute we construe ambiguous, equivocal, or uncertain allegations, if any, against the complainant. *Stockett* v. *Penn Mutual Life Ins. Co., supra; Dolan* v. *Dolan*, 78 R. I. 12.

The injunctive relief for which complainant prays is premised on five distinct grounds, any one of which it is contended justifies equitable relief. The grounds for demurrer are many including, among others, (1) vagueness, uncertainty and indefiniteness, and (2) a failure to allege facts upon which relief in equity can be granted. Since the decree appealed from does not disclose the particular ground upon which the demurrer was sustained, we will affirm if any ground thereof is valid.

The bill fundamentally rests on the complaint that the contemplated spraying denies complainant the right to have his environment maintained in its natural state and deprives him of the beneficial use thereof. The right so to enjoy his property, complainant argues, is a property right and two of the grounds upon which relief in equity may be predicated, it is alleged, are that the threatened periodical interference with that right constitutes both a common-law trespass and a nuisance. For neither of these, he avers, does he have an adequate remedy at law. While the jurisdiction of a court of equity to enjoin both continuing trespasses, *Matteson* v. *Whaley*, 20 R. I. 412, *Newport Yacht Club, Inc.* v. *Deomatares*, 93 R. I. 60, 171 A.2d 78, and nuisances, *Otto Seidner, Inc.* v. *Ralston Purina Co.*, 67 R. I. 436, 451, *Commerce Oil Refining Corp.* v. *Miner*, 281 F.2d 465, has

long been settled, a complaint seeking relief on those grounds must meet the required standards.

Here we find not only ambiguity, equivocation, and uncertainty, but also conclusions referable to the relief sought without the necessary supportive factual allegations. The bill contains no allegations that the spray will fall on complainant's land or directly adversely affect his plants or his soil. Rather its thrust is that the spray will harm the wasps, spiders and other specified animals, with a possible resultant injury to his plants and his soil. It does not, however, aver any property right of complainant in those animals by reason of their having been reduced to possession, or that they are either customarily or always to be found on his premises. For aught that can be ascertained from the bill the animals which might be affected may be found only in sections of the area to be sprayed other than that occupied by complainant. In short, we find nothing in the bill which can reasonably be construed as constituting a charge that there will be a breaking of his *close* or an entrance on his property. Since such a breaking or entrance is a prerequisite to a trespass, *Mosby* v. *Goff*, 21 R. I. 494, there are no factual as distinguished from conclusional allegations under which proof of facts could be made entitling complainant to equitable relief on the ground of continuing trespasses.

We turn now to the ground of nuisance and here we find similar deficiencies. In *Otto Seidner, Inc.* v. *Ralston Purina Co.*, *supra*, page 451, we said that to justify enjoining threatened conduct on the ground of nuisance "the evidence must show clearly and convincingly that substantial damage to the complainant's property or business will be practically certain to result from the operation by the respondent of the business against which an injunction is sought." It follows that a bill seeking injunctive relief premised on nuisance is demurrable where the factual allegations go no further than to set forth speculative or conjectural injuries

unaccompanied by assertions that they will in fact happen or where such allegations are limited to averments of an apprehension of injury or restricted to the conclusion that irreparable injury will result.

Absent from this complaint are any allegations that substantial damage to the claimed property right will be practically certain to result from the threatened conduct. The allegations fall far short. Even on the assumption that it may be reasonably inferable from the bill that the spray will fall on complainant's premises, there is no averment that the spiders, earthworms, wasps, robins, and swallows will be so affected thereby as to upset the balance of nature. Instead all that is averred is that the spray "will kill outright or have serious sub-lethal effects on many living things which ingest or contact them, directly or indirectly." The bill is silent as to what the serious sublethal effects will be and whether those effects, for example, will be so serious as to interfere with an undefined control by robins and swallows of undescribed insects alleged to be harmful to complainant in an undisclosed manner.

The third ground upon which the requested relief is premised is the right of complainant as a taxpayer to enjoin the illegal expenditure of public funds. That illegality, it is alleged, consists of the failure of respondent Avery to comply with G. L. 1956, §§23-7-1, 23-7-2 and 23-7-4, as a condition precedent to spraying. Those sections provide in substance for the cooperative efforts of municipal and state officials in the preparation of plans for the elimination of mosquito breeding places. Nothing therein contained is susceptible of being construed as prohibiting respondent Ilg from expending public funds for mosquito control through spraying and the complaint contains no other averment sustaining the conclusion that the contemplated expenditure of such funds is unlawful. Noncompliance with §§23-7-1, 23-7-2, and 23-7-4; without more, is

not a ground which, if proved, would justify injunctive relief.

The complainant, as a fourth ground, alleges that respondent if not prevented from spraying will violate "the migratory bird treaty with the Dominion of Canada on 8 December 1916 and the act in effectuation thereof passed by the Congress of the United States on 3 July 1918 and will consequently be in violation of federal law." The references are apparently to the treaty with Great Britain proclaimed by the President on December 8, 1916, U. S. Treaty Series No. 628 and the act of Congress carrying out the purposes of that convention, 39 Statute at Large 1702, now 49 Statute at Large 1556, which makes certain actions criminal.

The complainant in advancing this ground seeks to invoke the chancellor's aid solely on the basis that the threatened conduct is offensive to the law of the land. More is required. In the circumstances here present and absent any express statutory authority, equity has no criminal jurisdiction and will not enjoin acts merely on the ground that they are punishable as crimes. *State of Rhode Island* v. *Conragan,* 54 R. I. 256.

Finally we come to the fifth ground which is that the threatened conduct will be "a taking of your complainant's land without compensation in violation of Article I, Sec. 17 of the Rhode Island Constitution and Article XIV, Sec. 1 of the Amendments to the United States Constitution, the Due Process Clause."

Although the bill abounds with many claimed violations of rights, it contains nothing relating to a threatened interference with complainant's fishery rights or shore privileges and it is those rights and privileges as they existed at the time of the adoption of the constitution which are preserved by art. I, sec. 17. That provision in the state constitution is clearly inapposite.

For the reasons already pointed out in reference to other

grounds upon which reliance for relief is based, the factual allegations are both too vague and uncertain as to warrant an injunction on the ground that complainant's *land* will be taken without just compensation.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram K. Berberian,* for complainant.

*Jeremiah S. Jeremiah, Jr.,* Assistant City Solicitor for City of Cranston, for respondents.