[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is defendant's motion to dismiss for failure to state a claim upon which relief may be granted brought pursuant to R.C.P. 12(b) (6). The Court has accepted and reviewed plaintiff's affidavit of Stanley Cath, M.D. submitted in support of its opposition to defendant's motion. The defendant was provided with an opportunity to respond. Accordingly, this Court will review defendant's motion as if it were one for summary judgment.
Facts and Travel
This litigation arises out of the circumstances surrounding the death of Bruce Clift ("decedent") which occurred on May 17, 1993. The plaintiff, Judith Clift ("plaintiff"), the decedent's wife, filed this action as the administrator of the Estate of the decedent, individually, and on behalf of the decedent's three minor children. The defendant, Narragansett Television, L.P. ("defendant"), operates WPRI-TV Channel 12 in Rhode Island.
On May 17, 1993 the decedent called his wife at work and told her that he was contemplating suicide. The plaintiff went home to find her husband firing weapons into bushes outside of the house from an open window. Additionally, the decedent had turned on the gas in the house. After unsuccessfully trying to convince the decedent to leave, plaintiff left the house to seek help.
Later in the morning, the State Police arrived at the house. The police enlisted the help of a trained hostage negotiator to try to convince the decedent to abandon his plan to commit suicide. The police also set up a barricade to prevent the media from gaining access to the immediate area while the negotiations were taking place.
Shortly after 5:00 p.m., defendant's employees obtained the telephone number of the Clift residence. Without obtaining permission from the State Police or the plaintiff, Susan Hogan, a news reporter for Channel 12, telephoned the Clift residence for the purpose of interviewing Bruce Clift. The decedent granted Hogan an interview. Hogan taped the interview and told the decedent that it would be aired on the six o'clock news. In the interview, Hogan asked the decedent several questions concerning the situation, among them, whether he meant to hold his wife hostage or meant to harm her. Additionally, Hogan gave the decedent an opportunity to say something to his wife "so she would understand." The interview was aired as the lead story on the six o'clock news. A few minutes later, the decedent fatally shot himself.
On February 14, 1994, the plaintiff filed a complaint with this Court. The complaint was amended on March 1, 1994, before the defendant had filed an answer. Plaintiff's complaint alleges nine counts against the defendant, among them negligence, as well as several intentional acts. On March 11, 1994, the defendant moved to dismiss all nine counts of the complaint. This Court will review the counts in seriatim.
Standard of Review
Summary judgment should be granted when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers,585 A.2d 651, 652 (R.I. 1991). The Court must recognize that summary judgment is a drastic remedy which should be cautiously applied.Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). In passing on a motion for summary judgment, the trial justice must review the pleadings, affidavits, admissions, and similar matters in the light most favorable to the non-moving party. O'Hara v. JohnHancock Mutual Life Ins. Co., 574 A.2d 135, 136 (R.I. 1990). The party opposing summary judgment may not rest upon mere allegations but has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial.Ouimette v. Moran, 541 A.2d 855, 856 (R.I. 1988).
Negligence
In count one of her complaint, plaintiff alleges that the defendant's negligence was the proximate cause of injury to herself and the decedent. In particular, the plaintiff alleges that the defendant should have known that its actions in relation to the decedent were likely to induce him to commit suicide. In response, the defendant argues that it owed no duty of care to the decedent. Further, the defendant asserts that liability may not be predicated on its exercise of First Amendment rights.
To recover in an action for negligence, the plaintiff must prove that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the actual and proximate cause of plaintiff's injury. Lutz Engineering Co.,Inc. v. Industrial Louvers, Inc., 585 A.2d 631, 635 (R.I. 1991). The determination of whether a duty of care runs from the defendant to the plaintiff is a question of law to be decided by the Court. Banks v. Bowens Landing Corp., 522 A.2d 1222, 1225 (R.I. 1987). In Banks, the Rhode Island Supreme Court discussed five factors utilized to determine if a duty of care exists in a given situation. The Court must review: the foreseeability of harm to the plaintiff; the degree of certainty of the harm; the closeness of connection between defendant's conduct and the harm; the policy of preventing future harm; and, the extent of the burden to the defendant and the consequences to the community of imposing such a duty. Id.
After a careful review of these factors, this Court finds that the defendant did not owe plaintiff and the decedent a duty of care on the facts of this case. Forseeability of injury does not, in and of itself, give rise to a duty. Ferreira v. Strack,636 A.2d 682, 688 n. 4 (R.I. 1994). Forseeability must be viewed in conjunction with other factors. Id. There is no connection between the defendant's conduct and the decedent's act. Further, the certainty of harm in this case was remote. The decedent's death was a consequence of many factors and circumstances, was brought about by his own action, and was due in no part to defendant's conduct. Accordingly, this Court finds that the plaintiff's action for negligence must fail.
Similarly, plaintiff's second count for willful, wanton misconduct must fail. Count two does not state a separate cause of action but merely satisfies the pleading requirements for punitive damages. Accordingly, this Court grants defendant's motion for summary judgment as to count two.
Trespass
Plaintiff's third cause of action alleges intentional trespass. Generally, a trespass is an invasion of plaintiff's rightful possession of property. Berberian v. Avery,99 R.I. 77, 81, 205 A.2d 579, 581-82 (1964). Consequently, an action for trespass requires proof that the defendant intentionally entered onto plaintiff's property. Id. This Court rejects plaintiff's contention that a nonphysical entry is sufficient to state a cause of action for intentional trespass. The plaintiff has not alleged a physical entry by defendant's employees onto her property. Accordingly, defendant's motion for summary judgment as to count three is granted.
Invasion of Privacy
Next, plaintiff alleges an invasion of privacy in violation of G.L. 1956 (1985 Reenactment) § 9-1-28.1. The plaintiff contends that the defendant's employees' actions invaded the privacy of both herself and the decedent. The defendant argues that an action under section 9-1-28.1 may not be brought on behalf of a decedent. Further, the defendant contends that its employees' actions were not sufficiently offensive so as to state a claim under section 9-1-28.1.
Section 9-1-28.1 provides, in pertinent part:
 [E]very person shall have . . .
 (1) The right to be secure from unreasonable intrusion upon one's physical solitude or seclusion;
G.L. 1956 (1985 Reenactment) § 9-1-28.1. In order to recover for such a violation the plaintiff must prove that there was an expectation of privacy and that such invasion would be offensive or objectionable to a reasonable person. § 9-1-28.1 Plaintiff has alleged no physical invasion of her home. Plaintiff's action, therefore, must rest upon the single telephone call to the Clift home placed by defendant's employee, Susan Hogan. This Court is satisfied that a single telephone call is not so offensive or objectionable that it may support a cause of action under §9-1-28.1. Further, once the police were summoned to the area, plaintiff's expectation of privacy in her home and its surroundings was diminished. Accordingly, defendant's motion for summary judgment as to count four is granted.
Actions for Emotional Distress
Plaintiff's next count alleges negligent infliction of emotional distress. Rhode Island law allows recovery for emotional harm caused to a plaintiff due to defendant's negligence towards another person in very limited circumstances.D'Ambra v. U.S., 114 R.I. 643, 656-57, 338 A.2d 524, 531 (1975). To recover for negligent infliction of emotional distress, a plaintiff must prove a close relationship to the injured party, close physical proximity to the event, and must actually witness the injury. Marchetti v. Parsons,638 A.2d 1047, 1049 (R.I. 1994). Plaintiff does not allege that she actually witnessed the decedent's suicide, therefore, plaintiff may not recover. Accordingly, judgment as to count five is granted.
Count six of plaintiff's complaint alleges intentional infliction of emotional distress. Under Rhode Island law, a defendant will be liable in an action for intentional infliction of emotional distress if by extreme and outrageous conduct she intentionally or recklessly causes severe emotional distress to the plaintiff. Champlin v. Washington Trust Co. of Westerly,478 A.2d 985, 989 (R.I. 1984). The question of what constitutes extreme and outrageous conduct is a question of law for the Court. Fudge v. Penthouse Int'l Ltd., 840 F.2d 1012, 1021 (1st Cir. 1987). cert. denied, 488 U.S. 821 (1988).
This Court is mindful that the Rhode Island Supreme Court has found few instances of conduct so extreme and outrageous as to state a cause of action for intentional infliction of emotional distress. See, e.g. Curtis v. Dept. for Children and TheirFamilies, 522 A.2d 203, 208 (R.I. 1987). While defendant's employees' conduct in this instance may be viewed as inappropriate and tactless, this Court does not find that the request for an interview in such circumstances was "so extreme in degree as to go beyond all possible bounds of decency." Reillyv. U.S., 547 A.2d 894, 898 (R.I. 1988). Accordingly, defendant's motion for summary judgment as to count six is granted.
In count seven, plaintiff's action is brought pursuant to G.L. 1956 (1985 Reenactment) § 10-7-1, the Rhode Island Wrongful Death Act, which provides that an action may be brought on behalf of the decedent in the same manner as if he had survived. A claim under the Wrongful Death Act requires an allegation of underlying tortious conduct. The plaintiff has not stated a valid claim for underlying tortious conduct and, therefore, plaintiff's wrongful death action must be dismissed.
Likewise, counts eight and nine, in which plaintiff alleges loss of consortium and loss of society and companionship, respectively, fail to state independent causes of action. InSama v. Cardi Corp., the Rhode Island Supreme Court held that an action for loss of consortium under G.L. 1956 (1985 Reenactment) § 9-1-41 is dependent upon the success of the underlying tort claim. 569 A.2d 432, 433 (1990). Similarly, plaintiff's claim for loss of society and companionship is a derivitive action based on underlying tortious conduct. Accordingly, defendant's motion for summary judgment as to counts eight and nine is granted.
This Court has considered the arguments of counsel. It has considered the affidavit in support of the motion. After due consideration, the Court finds that there remain no material issues of fact to be resolved at trial. Accordingly, defendant's motion for summary judgment is granted.