## WESLEY I. GOULDING, ADMR.
### vs.
## CITY OF SHELTON

Superior Court   Fairfield County   File #47682

Present: Hon. ERNEST A. INGLIS, Judge.

William H. Kingston,   Attorney for the Plaintiff.

J. J. O'Connell,    Attorney for the Defendant.

### MEMORANDUM FILED JULY 8, 1935.

INGLIS, J. The complaint alleges a cause of action in three counts for injuries and death claimed to have been caused by blasting done by the agents of the defendant City in the construction of a street. The first count purports to state a cause of action sounding in negligence. The gist of the second count is that the defendant was using an intrinsically dangerous agency under circumstances such that the plaintiff was obviously exposed to danger of harm. The third count sounds in nuisance.

As regards the first count it appears that the use of the dynamite was incidental to the construction of a road. That is, it was being used in the performance of a governmental function. Accordingly the doctrine of governmental immunity from liability for negligence of the municipality's agents applies and inasmuch as this count sounds in negligence, it does not state a good cause of action against the defendant City.

Hannon vs. Waterbury, 106 Conn. 13.

The demurrer to the first count is, therefore, sustained.

The doctrine of governmental immunity applies only to causes of action for negligence and is not to be extended to other grounds of action.

Colwell vs. Waterbury, 74 Conn. 568.

Hoffman vs. Bristol, 113 Conn. 386.

Stoto vs. Waterbury, 119 Conn. 14.

It is a principle of law that where one person uses an intrinsically dangerous substance under such circumstances that another person is necessarily or obviously exposed to probable injury and the other is injured thereby, then that other has a good cause of action against the first whether the first person was negligent in the use of the intrinsically dangerous substance or not.

Worth vs. Dunn, 98 Conn. 51.

Loethscher vs. Campo, 107 Conn. 568.

Welz vs. Manzillo, 113 Conn. 674.

The second count sets forth facts which if proved, will make out a cause of action on this ground and inasmuch as it does not rest in negligence, the doctrine of governmental immunity does not apply.

The third count alleges that the conduct of the agents of the defendant created a nuisance. Whether a condition is or is not a nuisance is a question of fact which may not be decided upon a demurrer. It is well settled that a municipality is liable for a nuisance created by its agents whether it is the result of active negligence or deliberate act.

Hoffman vs. Bristol, 113 Conn. 386.

Stoto vs. Waterbury, 119 Conn. 14.

Accordingly, it must be held that the allegations of the third count set up a good cause of action.

The demurrer to the second and third counts is overruled.