## ADAM PETROVICH
*vs.*
## TOWN OF ASHFORD

Superior Court          Tolland County          File No. 4483

MEMORANDUM FILED OCTOBER 17, 1940.

*Buckley, Creedon & Danaher,* of Hartford, for the Plaintiff.

*Birmingham & Kennedy,* of Hartford, for the Defendant.

KING, J. The plaintiff alleged that the defendant parked in an illegal manner certain road machinery on a State highway, so that the plaintiff had to swing his motorcycle out to the left in order to pass; that in so doing he skidded on some slippery substances which the defendant had caused to be deposited on that portion of the State highway "in the process and as a result of the turning around of" the road machinery thereon; and that that portion of the State highway adjoined a town road which the defendant was using the road machinery to rebuild or repair.

The defendant answered, setting up what amounted to a general denial, and, as a special defense, that in repairing the town road in question the defendant was exercising a governmental function. To this special defense the plaintiff demurred.

The plaintiff quite obviously is not relying on the defective highway statute. He alleges a cause of action in nuisance.

Whether on the trial he could or would prove that this nuisance had its origin in negligence is immaterial, since governmental immunity is not a good defense against an action based upon a nuisance created or maintained by a defendant municipality, even though in the performance of its governmental duty, whether such nuisance had its origin in negligence or not. *Colwell vs. Waterbury*, 74 Conn. 568, 573; *Hoffman vs. Bristol*, 113 id. 386, 389. Here the nuisance was not claimed to have been created by a third party nor was the defendant's alleged liability predicated on its failure to abate a nuisance so created. Id., 391; *Rogers vs. Meriden*, 109 Conn. 324, 327; *Riccio vs. Plainville*, 106 id. 61, 65; *Stoto vs. Waterbury*, 119 id. 14, 19.

And the nuisance alleged was clearly public and not private. *Webel vs. Yale University*, 125 Conn. 515, 524.

If the complaint were susceptible of being construed as setting forth two or more causes of action including (1) a cause of action in pure negligence not involving a nuisance, either originating in negligence or otherwise, and (2) a cause of action in nuisance, then the special defense of governmental immunity would be a valid defense to the cause of action in pure negligence. *Hannon vs. Waterbury*, 106 Conn. 13, 15. In this situation the demurrer would be fatally defective because not limiting its attack to the inefficacy of the special defense as against the cause of action in nuisance. *Donovan vs. Davis*, 85 Conn. 394, 398; *Stamford Dock & Realty Corp. vs. Stamford*, 124 id. 341, 344; *Water Commissioners vs. Robbins*, 82 id. 623, 633; *Practice Book* (1934) §97.

However, the complaint clearly does not, and its allegations are wholly inappropriate to, set forth such a cause of action in pure negligence. There is but one cause of action and this is in nuisance. To such a cause of action governmental immunity is not a defense. *Goulding vs. Shelton*, 2 Conn. Sup. 85; *Myers vs. Hartford*, 4 id. 237.

For the foregoing reasons the plaintiff's demurrer to the defendant's special defense of governmental immunity is sustained.