[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 19, 1996 CT Page 5392
FACTS
The plaintiff, Agnes-Betty Trimpert, brings the present negligence action against the defendants, Bridgewater Fire Department, Town of Bridgewater and Bridgewater Country Fair. The plaintiff was allegedly injured when she fell in the parking area while walking from the parking area to the entrance of the Bridgewater Country Fair. The plaintiff's complaint alleges that she fell on property owned by the defendant Town of Bridgewater and that the Town made the property available to the Bridgewater Fire Department for the purpose of parking and ingress and egress to the Bridgewater Country Fair.
The defendant, Town of Bridgewater, answered the complaint and asserted several special defenses two of which are the subject of the present motion for summary judgment: (1) immunity pursuant to General Statutes § 52-557f through 52-557i, the Connecticut Recreational Land Use Act; and (2) governmental immunity.
The defendant, Town of Bridgewater, has moved for summary judgment on the second count of the plaintiff's complaint on the ground that they owe no duty to the plaintiff pursuant to the recreational land use statutes which grants the defendants immunity and pursuant to common law governmental immunity. The Town of Bridgewater filed a memorandum of law and an affidavit in support of its motion. The plaintiff filed a memorandum of law, an affidavit in support of her opposition and a supplemental memorandum of law.
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994), quoting Practice Book § 384. The moving party has the burden of showing the absence of any genuine issue as to all material facts. Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be CT Page 5393 entitled to a directed verdict on the same facts . . ." (Citations omitted; internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 105-06. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969).
 I.
The recreational land use act provides in pertinent part that "an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty or care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes." General Statutes § 52-557g(a). "In order to come within the purview of General Statutes 52-557g(a), the defendant must establish that it is an owner of land available to the public without charge for recreational purposes." Genco v. Connecticut Light Power Co.,7 Conn. App. 164, 168, 508 A.2d 58 (1986).
In light of the Supreme Court's decision in Conway v. Town ofWilton, 238 Conn. 653 (1996), the defendant, at oral argument, abandoned its argument that the grant of immunity under the recreational land use act extends to municipalities. In Conway v.Town of Wilton, 238 Conn. 655, the court stated: "In Manning v.Barenz, 221 Conn. 256, 603 A.2d 399 (1992), this court held that municipalities and their employees are "owners" under General Statutes § 52-557f(3) and are, therefore, entitled to immunity from liability for injuries sustained on land available to the public for recreational purposes. Today, we reconsiderManning, conclude that it was not properly decided and, accordingly, overrule it." Id.
 II.
It is well established in this state that a town, municipality or municipal corporation enjoys limited immunity from liability when it acts in the performance of a governmental function. Cone v. Waterford, 158 Conn. 276, 279, 259 A.2d 615
CT Page 5394 (1969); Lambert v. New Haven, 129 Conn. 647, 649, 30 A.2d 923
(1943); Carta v. Norwalk, 108 Conn. 697, 701, 145 A. 158 (1929). A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Gauvinv. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982). "The functions of a municipal corporation fall into two classes, those of a governmental nature, where it acts merely as the agent or representative of the state in carrying out its public purposes, and those of a proprietary nature, where it carries on activities for the particular benefit of its inhabitants." (Citations omitted.) R.A. Civitello Co. v. New Haven, 6 Conn. App. 212,217-18, 504 A.2d 542 (1986).
In general, "[w]hether the acts complained of in operating a city park were governmental or ministerial is a factual question which depends upon the nature of the act complained of." Gauvinv. New Haven, 187 Conn. 180, 186, 445 A.2d 1 (1982). However, in certain situations, Connecticut appellate courts have "approved the practice of deciding the issue of governmental immunity as a matter of law." Kolaniak v. Board of Education, 28 Conn. App. 277,279, 610 A.2d 193 (1992).
The defendant Town cites Hannon v. Waterbury, 106 Conn. 13,136 A. 876 (1927), to support the claim that governmental immunity will apply to bar the complaint unless the Town operated the fair grounds for profit. The defendant also cites to Hannon,supra, and other cases for the proposition that maintaining a park is governmental as a matter of law. "This appears to be a correct summary of the holding of Hannon. However, althoughHannon has never been overruled, it is not consistent with the more recent rulings of the Connecticut Supreme Court cited above." Anderson v. Town of East Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 364257 (Feb. 26, 1992) (Aurigemma, J.). See also Aukshunas v.Town of Groton, Superior Court, Judicial District New London at New London, Docket No. 523786 (May 22, 1995) (Hendel, J.).
Having reviewed the cases cited by the defendant and the cases discussed above, this court concurs with the reasoning and holding of the Anderson decision and denies the motion for summary judgment claimed on the basis of governmental immunity. Genuine issues of material fact exist with regard to whether the acts complained of in operating a city park were governmental or ministerial. The defendant's motion for summary judgment is therefore denied.
PICKETT, J. CT Page 5395