[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendants' motion for summary judgment on the grounds that the action is barred by the doctrine of governmental immunity. In support of their motions, the defendants filed memoranda of law. In opposition, the plaintiff filed an objection and a supplemental memorandum. For reasons more fully set forth below, the motion is denied.
In count one, the plaintiffs complaint alleges that he was injured by the negligence of defendant Mark Zebora, the Director of Parks and Recreation of the defendant City of Meriden. while he was playing in a softball game on July 20, 1996. Specifically, the plaintiff claims that he sustained serious, painful and permanent CT Page 5174 injuries to his eye when he collided with an outfield fence on the softball field owned and operated by the defendant City of Meriden. The City of Meriden is sued in the second count of the complaint for indemnification under Connecticut General Statutes § 7-465.
The pertinent facts are as follows. The plaintiff, on July 20, 1996. participated in a softball tournament in connection with a charitable event. The plaintiff was and had been for a many years a member of the City of Meriden league which participated in the event. During the game on July 20, the plaintiff played an outfield position. The City of Meriden charged the festival sponsor for renting the softball field for the event.
Coincidentally, the plaintiff was, at the time of the incident, an employee of the City of Meriden Parks and Recreation Department. In the course of his employment he was sent to a clinic on parks and recreations safety, which provided information regarding the safe height for horizontal cross bars on fences on softball fields. The plaintiff conveyed this information to his supervisor. The height of the fence with which the plaintiff collided was less than that recommended by the safety clinic speaker. At the time of the incident, several of the fences on fields owned and operated by the defendant City had been replaced. And the repair/replacement of the fences on the field in question had been scheduled. There are facts to support the plaintiffs argument that one of the reasons the city of Meriden decided to raise the cross bars on ballfield fences was a concern for safety concerns. It was the official responsibility of the defendant Zebora to decide when and how to replace/repair the outfield fence.
Prior to the accident involving the plaintiff there was another incident in which a softball player collided with the outfield fence.
ARGUMENTS OF THE PARTIES
The defendant moves for summary judgment arguing that the defendants are immune from liability because of governmental immunity. First, the defendants claim that no duty was owed to the plaintiff, because any duty owed was a public one. Second, the defendants assert that the acts of defendant Zebora were discretionary acts and thus are protected by the doctrine of governmental immunity. Finally, the defendants contend that no exception applies which would preclude the application of the governmental immunity doctrine.
In response, the plaintiff argues that the determination of CT Page 5175 whether or not an act is ministerial (and therefore not protected by the doctrine of governmental immunity) or discretionary requires a factual resolution of issues in dispute. The plaintiff cites numerous facts to support his contention that this court may not, as a matter of law, decide that the acts of defendant Zebora were discretionary. Assuming that such a legal conclusion could be reached, the plaintiff maintains that there is an exception to the governmental immunity doctrine applicable to this case: the "foreseeable class of victims" exception. Additionally, the plaintiff argues that, because the defendants received financial renumeration for the use of the softball field, there is a factual issue as to whether or not the acts of the defendant performed a proprietary rather than a governmental function.
Both parties concede that if this court denies the motion as to defendant Zebora, it must also deny it as to the defendant City of Meriden.
ISSUES IN DISPUTE
The issues in dispute presented by this motion are: whether or not the duty owed was a public or private one; whether or not the decision regarding the repair/replacement of the outfield fence was discretionary or ministerial; if the acts were discretionary, whether or not the plaintiff was an identifiable person subject to imminent harm, or whether the failure to repair the fence constituted an abuse of discretion; and whether the functions performed were for a proprietary or governmental function.
LEGAL DISCUSSION
Motion for Summary Judgment
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." (Internal quotation marks omitted.) Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714,735 A.2d 306 (1999); see also Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks CT Page 5176 omitted.) Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24,727 A.2d 204 (1999).
Public vs Private Duty
When dealing with the public duty doctrine, many Superior Court opinions rely on the Appellate Court decision, Roman v. Stamford,16 Conn. App. 213, 547 A.2d 97 (1988), aff'd, 211 Conn. 396,559 A.2d 710 (1989). "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly. is an individual wrong, and may support an individual action for damages." Roman v. Stamford, supra, 16 Conn. App. 219, quoting Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 166, 544 A.2d 1185 (1988).
"`In the application of [the public duty doctrine], the problem is always to determine whether the [action][1] involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.' Leger v. Kelley, supra, [142 Conn.] 590-91." (Citations omitted; internal quotation marks omitted.) Roman v. Stamford, supra, 16 Conn. App. 220.
In the present action, a question of fact remains as to whether an official authority has imposed upon defendant Zebora a duty to the public. Therefore, the defendants are not entitled to the granting of their motion on this issue.
Ministerial vs Discretionary Duty
The defendants argue that any acts of Zebora were discretionary because "[d]ecisions of whether or when to modify the softball fences (height or adding protective material) and frequency and thoroughness of inspections, are discretionary on their face . . ." Memorandum ofLaw in Support of Motion for Summary Judgment, dated December 11, 1999, p. 4. Thus, the defendants wish this court to conclude that, no matter how objective the standard regarding maintenance and inspection of softball fences, the decision of Zebora as to whether the fences meet such standards and how to remedy problems when the CT Page 5177 fences fail to meet the standards involves an exercise of judgment which must render such acts discretionary.
To this argument, the plaintiff claims that there is, at the very least, a question of fact as to how much judgment was involved in decisions about fence safety. The facts relied upon by the plaintiff support the conclusion that there exists objective information about what constitutes a safe height for outfield fences. Such information was available to defendant Zebora, and was perhaps known by him. Further, there was or would be a four-year program which included upgrading the crossbars to softball outfield fences to a higher height, to avoid potential head injuries for outfield players. Additionally, the fence upon which the plaintiff was injured was repaired subsequent to the plaintiffs injuries. Such repair had been ordered by defendant Zebora prior to the injury and the timing of its was within the discretion of the contractor.
"Whether the acts complained of in operating a city park were governmental or ministerial is a factual question which depends upon the nature of the act complained of." Gauvin v. New Haven,187 Conn. 180, 186, 445 A.2d 1 (1982); Scanlon v. West Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 368244 (February 14, 1992, Hennessey, J.) (7 C.S.C.R. 303, 305) (determination of whether the provision of high school facilities for adult education evening volleyball game is ministerial or discretionary is a question of fact). See also Wysockiv. Derby, 140 Conn. 173, 175, 98 A.2d 659 (1953) ("A city in operating and managing a public park acts as a governmental agency exercising an authority delegated to it by the state."). "[The Connecticut Supreme Court] has . . . discussed extensively the difference between a ministerial and a discretionary act. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citation omitted; internal quotation marks omitted.)Heigl v. Board of Education, supra, 218 Conn. 5, see Elliot v.Waterbury, 245 Conn. 385, 411, 715 A.2d 27 (1998). "It is axiomatic that ministerial acts [are those that] are performed in a prescribed manner without the exercise of judgment." (Internal quotation marks omitted.) Evon v. Andrews, 211 Conn. 501, 506, 559 A.2d 1131 (1989). See, e.g., Wright v. Brown, 167 Conn. 464, 471-72, 356 A.2d 176
(1975) (failure of dog warden to quarantine dog for full fourteen day period, in violation of statutory duty, involved a ministerial act that is not susceptible to a defense of governmental immunity);Kolaniak v. Board of Education, 28 Conn. App. 277, 281, 610 A.2d 193
CT Page 5178 (1992) ("A determination as to when [a school custodian should] clear [snow accumulation off of] a sidewalk . . . is not a discretionary function."). But see Elliot v. Waterbury, supra, 245 Conn. 411 (1998) (opening of watershed land to public for recreational use involved policy decisions requiring the exercise of judgment and discretion);Fiore v. Enfield, Superior Court, Judicial District of Tolland at Rockville, Docket No. 062440 (August 7, 1997, Rittenband. J.) (placement/location of home plate. placement of dirt around home plate and grooming of area around home plate are discretionary acts).
This court concludes that the issue of whether or not the failure to replace or repair the outfield fence was a ministerial or discretionary act involves the resolution of factual issues in dispute, thus precluding the granting of the motion for summary judgment.
Foreseeable Class of Victims Exception
Even assuming that this court could properly resolve the factual issues to conclude, as a matter of law, that the acts alleged in the plaintiffs complaint were discretionary, it would still deny the motion for summary judgment because there are sufficient facts to support the plaintiffs contention that he was in an identifiable class of people subject to imminent harm.
The plaintiff argues that he was a foreseeable victim because both Zebora and the city were aware of the safety concerns arising from the height of the crossbars on the ballfield; both Zebora and the city were also aware that the city league of which the plaintiff was a part played games on the field; and there was also notice that the fence in question had caused injuries in the past to softball players.
Connecticut common law recognizes an exception to qualified immunity for discretionary municipal acts "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. . . ." Purzycki v. Fairfield, 244 Conn. 101, 108, 708 A.2d 937 (1998). "In deciding the issue of when, if ever, an official's public duty precipitates into a special one to prevent harm to an individual, the law requires, to maintain an action, a showing of imminent harm to an identifiable victim." Shore v. Stonington, supra, 187 Conn. 156; see also Fiore v. Town of Enfield, supra, Superior Court, Docket No. 062440 (plaintiff must allege facts to support claim that exception to governmental immunity applies). The exception to the qualified immunity granted to municipal employees for discretionary acts which permits "a tort action in circumstances of perceptible imminent harm to an identifiable person. [The Connecticut Supreme Court has] CT Page 5179 construed this exception to apply not only to identifiable individuals but also to narrowly defined identifiable classes of foreseeable victims." Burns v. Board of Education, 228 Conn. 640,645-46, 638 A.2d 1 (1994).
The motion for summary judgment must be denied because there are issues of fact in dispute as to whether or not the plaintiff was in the foreseeable class of victims.
Proprietary vs Governmental Functions
This court need not address that issue of whether the acts of defendant Zebora served proprietary or governmental functions, having decided that there are factual issues in dispute regarding the other issues raised by the parties. Suffice it to say, however, that the plaintiff has met his burden of establishing a factual basis to argue that by charging a fee for the event, the defendant City may have been acting in a proprietary, rather than a governmental capacity.
The determination of whether certain municipal operations are governmental or proprietary is a question of fact. See Doran v.Waterbury Parking Authority, 35 Conn. Sup. 280, 281, 408 A.2d 277
(1979) (operation of municipal ramp garage found to be proprietary);Bruder v. New Haven Memorial Veterans Coliseum Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 367859 (June 24, 1998, Hartmere, J.) (whether operation of municipal coliseum is proprietary is a question of fact). "Governmental duty is determined from a consideration of the nature of the duty imposed or the privilege conferred, and of the character of the act done or the function performed. The test to apply is to ascertain whether the act or function has within it the special corporate benefit or pecuniary profit of the municipality affected. . . . Whether the duty is directly imposed upon the city or permissive, that is, one which it voluntarily assumed, as in this case, does not change the character of the act or function. The duty in either case will be governmental if the nature and character of act or function be such." (Citation omitted; internal quotation marks omitted.) Hannon v. Waterbury,106 Conn. 13, 17, 136 A. 876 (1927); see Elliott v. Waterbury,245 Conn. 385, 412-13, 715 A.2d 27 (1998).
Municipal conduct is proprietary, where the allegedly tortious conduct is "inextricably linked to corporate gain" rather than to the administration of government. Elliott v. Waterbury, 245 Conn. 385,412-13, 715 A.2d 27 (1998). "Connecticut courts recognize that if the act engaged in is operated for the corporate benefit or pecuniary profit of the municipality, governmental immunity is not applicable. CT Page 5180Hannon v. Waterbury, [supra, 106 Conn. 17-18] . . . [T]he fact that a small fee is charged does not necessarily deprive the municipality of governmental immunity. [Id., 17-18]. . . . As long as a small or nominal fee is charged as a mere incident of the public service rendered and not as a means to derive a profit from the activity, the benefit of the principle should not be removed. Carta v. Norwalk,108 Conn. 697, 702, [145 A. 158 (1929)]." (Citations omitted.) Doranv. Waterbury Parking Authority, supra, 35 Conn. Sup. 282. Where, however, the court finds that the fee charged "indicates a commercial enterprise entered into for the corporate benefit of the municipality, [such a fee] goes beyond the mere incident of the public service rendered." Id.
In the present action, there remains a question of fact as to whether the fee the city of Meriden charged the festival sponsor for use of the ballfield on the day of the plaintiff's accident was incidental, or a means to derive profit for the city.[2]
CONCLUSION
As the record stands, the motion for summary judgment must be denied. There are insufficient facts to legally conclude that the duty owed was public rather than private. There is a factual dispute as to whether or not defendant Zebora was acting in a ministerial rather than a discretionary manner. Even if the facts support a legal conclusion that the acts of defendant Zebora were discretionary, there is a factual dispute which must be resolved as to whether or not the plaintiff was a member of a foreseeable class of victims. And there is a factual dispute as to whether or not the defendant was performing a proprietary and not a governmental function. For these reasons, the court denies the defendants' motion for summary judgment.
____________________ Angela Carol Robinson Judge