[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, the town of South Windsor, moves for summary judgment as to this action based on negligence and loss of consortium brought by the plaintiff, Sharon Miller, and her husband, Lewis Miller. The municipality contends that the plaintiffs' claims are barred by governmental immunity.
Summary judgment shall be rendered if the pleadings and documents submitted demonstrate a lack of material factual dispute and that the movant is entitled to judgment as a matter of law, Practice Book §17-49.
An examination of the pleadings discloses that Sharon Miller claims she was injured because she fell while traversing a grassy slope leading to a CT Page 13406 baseball field then known as Nevers II Baseball Field. This recreational area was under the control of the defendant. She further alleges that her fall was caused by the negligence of the town in that the slope was too steep; poorly lit; lacked walkways or stairs; lacked barriers; and lacked signs warning of its dangerous character. The plaintiffs make no claim for vicarious municipal liability under General Statutes § 7-465.
At common law a municipality was generally immune from liability for negligence, Williams v. New Haven, 243 Conn. 763, 766 (1998). That immunity exists unless the legislature enacts a statute abrogating it, Id., 767. General Statutes § 52-557n is a statute which codifies and limits the common law regarding governmental immunity and municipal liability, Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192
(1991). That statute was adopted as part of the Tort Reform Act of 1986, Id., 185. Subsection (a) of § 52-557n delineates the general principles of municipal liability while subsection (b) sets forth nine specific situations exempting municipalities from liability under subsection (a), Id.
The liability subsection, § 52-557n(a)(1)(A) through (C) incorporates the three important exceptions to governmental immunity previously recognized under the common law, McQuillin, The Law of Municipal Corporations, § 53.04.10 (3d ed.). Municipalities were liable under common law for negligently performed ministerial acts,Wright v. Brown, 167 Conn. 464, 471 (1975); for tortious conduct in the performance of a proprietary function, Harmon v. Waterbury, 106 Conn. 13,16 and 17 (1927); and for intentional creation of a nuisance by positive acts, Kostyal v. Cass, 163 Conn. 92, 99 (1972).
Our Supreme Court has held that direct municipal liability can now only be obtained under § 52-557n(a) and not under any common law theory,Williams v. New Haven, supra, 769. Consequently, the plaintiffs' claims must fall within one of the three exceptions set forth in § 52-557n(a) (1)(A) through (C) in order for the defendant to incur liability. The plaintiffs make no claim of nuisance under § 52-557n(a)(1)(C). The court addresses the remaining two bases for municipal liability under § 52-557n(a)(1)(A) and (B).
 A
Regarding § 52-557n(a)(1)(A), the defendant argues that there exists no factual dispute as to the discretionary nature of the construction, maintenance, and operation of Nevers II field. Subsections52-557n(a)(2)(B) eliminates municipal liability for negligent acts or omissions of any employees when those acts or omissions require the exercise of judgment or discretion. CT Page 13407
Karl Reichle's affidavit asserts that he is the superintendent of the South Windsor Parks and Grounds Department and has held that position since 1985. His responsibilities comprise the operation and maintenance of Nevers II field. No guidelines or directives dictate the manner of operation or maintenance. The upkeep of the slope in question is left to the discretion of the employees in his department. The plaintiffs have submitted no documents inconsistent with these assertions.
As noted above, the plaintiffs' complaint alleges that the slope was negligently designed in that it was overly steep, inadequately lighted, lacked a walkway or stairs, and lacked barriers to prevent usage. The plaintiffs point to no statutory, regulatory, or local guidelines regarding the design of recreational fields such as Nevers II. In the absence of such restrictions, the design and construction of the field is clearly the product of discretionary judgment rather than the execution of a merely ministerial function. Similarly, the decision whether to erect warning signs and where to put them also appears discretionary under these circumstances.
The court concludes that there is no genuine factual dispute regarding the discretionary nature of the negligent acts or omissions alleged in the complaint. Because such activity is discretionary, no municipal liability attaches under § 52-557n(a)(1)(A) by virtue of §52-557n(a)(2)(B).
 B
Turning to the possibility of the defendant's liability under §52-557n(a)(1)(B), the issue before the court is whether a factual dispute exists regarding the derivation of special corporate profit or pecuniary benefit from the operation of the Nevers II field by the town of South Windsor. The plaintiff contends that such a factual dispute exists because the town charged fees for the use of Nevers II field. The plaintiff submitted a sample application form from the town which was given to those wishing to utilize the field. The application form indicates that no fees are charged to town residents, organizations, or businesses unless games are played under lights for which there is a $30 per game fee. Out of town applicants are charged $25 per game without lights and $75 per game if lights are used.
No documentary evidence was submitted to show that the town reaps any profit from these fees. Charging fees to defray the costs of maintaining and operating recreational facilities does not create a proprietary activity sufficient to remove governmental immunity, Harmon v.Waterbury, supra, 17 through 19. Merely asserting that a factual dispute CT Page 13408 exists fails to create a genuine factual dispute.
The court rules that no genuine factual dispute exists that the operation of Nevers II field was not proprietary within the meaning of § 52-557n(a)(1)(B).
 C
The plaintiffs urge the court to recognize a fourth exception to governmental immunity of municipalities not contained in § 52-557n(a) (1). The plaintiffs argue that the court ought to extend the imminent harm to identifiable persons exception to the qualified governmental immunity of municipal employees to the municipality itself. That exception to employee immunity is found in such cases as Burns v. Boardof Education, 228 Conn. 640 (1994), and Purzycki v. Fairfield,244 Conn. 101 (1998). The court rejects this invitation.
The cases of Burns, supra, and Purzycki, supra, did not involve claims of municipal liability. In fact, in Burns, supra, no claim of liability on that ground was made against the municipality, even though a nuisance claim was, Burns v. Board of Education, supra, 643, fn 1. Also, inPurzycki, supra, such a claim was initially brought but withdrawn, Id., 103, fn 1. In dictum, our Supreme Court has suggested that the proper means to impose municipal liability in cases of imminent harm to identifiable persons is through § 7-465, Sestito v. Groton,178 Conn. 520, 528 (1979).
Unlike the general immunity given municipalities under the common law, municipal employees had no immunity from negligence suits, Purzycki v.Fairfield, supra, 107. Eventually, qualified governmental immunity was found where municipal employees engaged in discretionary acts, Id. Three exceptions to this employee immunity were recognized, viz, imminent harm to identifiable persons; statutory causes of action expressly permitting such suit; and for malicious, wanton, or intentional misconduct, Id.
The Burns and Purzycki cases, supra, simply continue to recognize these three longstanding exceptions to municipal employee qualified immunity. These three exceptions were never applicable to the municipality's governmental immunity at all. The holding in Williams v. New Haven, supra, is that no common law action for negligence is maintainable against a municipality directly. All such actions must be brought under § 52-557n(a).
When the Tort Reform Act of 1986 was enacted, our legislature chose to exclude the imminent harm to identifiable persons exception, available against municipal employees, from § 52-557n(a) which pertains to CT Page 13409 direct municipality liability. This exclusion occurred in 1986, despite the fact that the imminent harm exception has existed at least since 1979 when the Sestito case, supra, was decided. The court holds that the imminent harm to identifiable person exception, applicable to municipal employee qualified immunity, is inapplicable to the town's governmental immunity.
Because there is no genuine factual issue that none of the three bases for municipal liability under § 52-557n(a) exists, the defendant is entitled to judgment as a matter of law. The motion for summary judgment is granted.
 ___________________, J. Sferrazza