[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE FIRST SPECIAL DEFENSE #107
In this action, the plaintiff, Jane E. Cichon, alleges that while skating at an indoor ice arena, owned and operated by the defendant, the city of Norwich, an unknown young skater recklessly bumped and collided with her causing her to fall and sustain injuries. Cichon further alleges that her injuries were caused by the negligence and carelessness of the city in relation to its management, supervision and operation of the ice arena.
In its answer to this single count complaint, the city asserts two special defenses. The first special defense alleges that Cichon's claim is barred by the doctrine of governmental immunity, pursuant to both common law and General Statutes § 52-557n.[1] The second special defense alleges that Cichon was contributorily negligent in one or more ways. Cichon now seeks to strike the city's first special defense on the ground that the doctrine of governmental immunity is inapplicable because the city was engaged in a proprietary or private function at the time of the incident.
Cichon argues that because the city receives fees from its operation of the ice arena, it cannot claim immunity pursuant to General Statutes § 52-557n (a)(1)(B). Additionally, she argues, the common law also recognizes an exception to the doctrine of governmental immunity where, as here, the municipality is exercising a proprietary or private function, especially where the city is operating for corporate gain. Because the city acknowledges that it charged a fee for the use of the ice arena, Cichon argues, as a matter of law, that the city is liable and cannot claim governmental immunity.
To support her contention that the doctrine of governmental immunity is CT Page 10013 not a proper special defense in this case, Cichon relies upon two cases:Hourigan v. Norwich, 77 Conn. 358, 59 A. 487 (1904), and Richmond v.Norwich, 96 Conn. 582, 115 A. 11 (1921). In both of these cases, the court held that the city does not discharge a public governmental duty when it stores, distributes and sells water to its inhabitants at a profit. Id. The court found the doctrine of governmental immunity inapplicable because the city was exercising a special privilege for its own benefit and advantage. Id.
The city opposes Cichon's motion to strike its first special defense, arguing that the determination of whether there exists a proprietary exception to governmental immunity in the present case would require the court to consider facts outside the pleadings. The city points out that the only reference to the city's charging a fee for use of the ice arena is contained in ¶ one of Cichon's complaint and merely states that "a charge was made to the public." The city argues that the amount it charged, or whether it made a profit from those charges, requires the determination of facts outside of the pleadings, and a determination of these facts would be necessary before a further determination could be made as to whether a proprietary exception exists. Citing Hannon v.Waterbury, 106 Conn. 13, 136 A. 876 (1927), the city argues that the mere fact that a fee was charged, does not, in and of itself, implicate the proprietary exception as a matter of law.
In Hannon v. Waterbury, supra, 106 Conn. 14, the city of Waterbury, through its board of education, maintained a swimming pool for public use at a small fee. The revenue generated from the payment of these fees was used exclusively to help offset some of the operating expenses of the pool. Id., 14-15. After nonsuit was entered on her negligence claim against the city, and the court denied her motion to set it aside, the plaintiff appealed arguing that the doctrine of governmental immunity was inapplicable because of the fees charged by the city. Id. 15-16.
In contrast to the court's holding in Hourigan v. Norwich, supra,77 Conn. 358 (selling water at a profit is not for the public benefit) and Richmond v. Norwich, supra, 96 Conn. 582 (same), cases relied upon by Cichon, the Supreme Court in Hannon v. Waterbury, supra,106 Conn. 17-18, explained that the charging of a small fee to help offset the cost of maintaining a public swimming pool was not for profit and did negate the applicability of the doctrine of governmental immunity. "Public parks, playgrounds, swimming pools, and public baths or bathing houses are all examples of municipal functions undertaken for the public benefit, and unless maintained for the corporate profit of the municipality are within the rule of governmental immunity. . . . The charge of a small fee covering a part of the cost of the maintenance of the pool in paying a CT Page 10014 supervisor, instructors, janitors and the like, while the municipality furnished the building, the swimming pool, the apparatus and equipment in connection therewith, the coal, electricity, water, chemicals and other necessaries for the maintenance of the pool, did not except the maintenance of the pool from the rule of governmental immunity. The city was not deriving a profit from this small fee, the charge was a mere incident of the public service rendered in the performance of a governmental duty." (Citation omitted.) Id.; see also Carta v. Norwalk,108 Conn. 697, 702, 145 A. 158 (1929) ("[t]o remove the benefit of [governmental immunity] . . . the operation must contemplate and involve revenue of such amount and nature as to signify a profit resulting therefrom, as distinguished from the imposition of such a nominal or small fee or charge as may fairly be regarded as a mere incident of the public service rendered . . ."); Curcio v. City of Bridgeport,7 Conn. Sup. 334, 338, ___ A.2d ___ (1939) (same).
In the present case, Cichon's complaint is devoid of any allegations as to the amount the city charged as an entrance fee to the ice arena. Also absent are any factual allegations that the city made a profit from such fees. Without this factual information, the court is unable to determine whether the proprietary exception to governmental immunity applies in this instance. Accordingly, Cichon's motion to strike the city's first special defense is denied.
Foley, J.