[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 138)
Before the court is the defendants' motion for summary judgment. The plaintiffs allege the following facts in their substitute amended complaint. The plaintiffs' decedent, Gerald Barstowe, drowned on July 4, 1995, while swimming in Long Island Sound. The decedent accessed the water at Southfield Beach, which is part of Southfield Park in the city of Stamford. Southfield Park is a recreational facility maintained by the city, through the Stamford parks and recreation department. Stephen Elkins is the director of this department. The park contains numerous facilities for the enjoyment of the public, including a picnic area, bathhouse, basketball courts and playground area. In the fifteen count substitute amended complaint, the plaintiffs are Audrey Lyles, the mother of the decedent, who brings claims as administratrix of the decedent's estate, and individually; and the decedent's sisters, Ashley Wallace, Whitney Little and Para Little. The defendants are the City of Stamford (the city) and Stephen Elkins.
The decedent's estate asserts claims against the city for negligence in count one, against Elkins for negligence in count two and against the city for nuisance in count three. In counts four and five the decedent's mother brings claims against the city and Elkins for bystander emotional distress. The decedent's sisters bring the same claims against each defendant in counts seven, eight ten, eleven, thirteen and fourteen.[1]
The defendants move for summary judgment on all counts of the plaintiffs' complaint on several grounds. The city moves for summary judgment on all of the plaintiffs' negligence claims asserted against it (counts one, four, seven, ten and thirteen) on the ground that it owed no duty to the plaintiffs. Additionally, the city moves for summary judgment on the decedent's nuisance count (count three) on the ground that it did not engage in any positive acts. Elkins moves for summary judgment on all the claims asserted against him (counts two, five, eight, eleven and fourteen) on the ground that he is protected by the doctrine of sovereign immunity; The defendants filed a memorandum in support of their motion CT Page 14352 for summary judgment (Defendant's Memorandum) with supporting documentation. The plaintiffs filed a memorandum in opposition (Plaintiffs' Memorandum) and supporting documentation. The defendants filed a reply memorandum.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387,397-98, 757 A.2d 1074 (2000).
 A
In counts two, five, eight, eleven and fourteen, the plaintiffs allege that Elkins was negligent in failing to personally inspect Southfield Beach for the posted "no swimming" signs, and that his failure to do so was a breach of his ministerial duties. Elkins asserts that he cannot be held liable for this conduct pursuant to the doctrine of sovereign immunity because his job functions with respect to Southfield Park and beach were discretionary and not ministerial. The plaintiffs argue that whether Elkins' actions were discretionary or ministerial is a question of fact. The plaintiffs further argue that pursuant to § 19-13-B34 of the Regulations of Connecticut State Agencies, Southfield Beach is an artificial swimming area, and, therefore, under § 19-13-B34(d) the posting of signs and warnings is prescribed and non-discretionary.
"A [public officer] . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. . . . Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citations omitted; internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 628, 749 A.2d 630
CT Page 14353 (2000). In this case, neither side has conclusively established whether Elkins' duties were discretionary or ministerial.
In support of their motion for summary judgment, the defendants submitted an affidavit from Stephen Elkins in which he avers that his duties with respect to inspection of the parks and beaches are discretionary. This affidavit, however, attests only to Elkins' opinion as to the legal status of his duties, and does not contain facts showing his duties were discretionary.
On the other hand, in the complaint, the plaintiffs contend that Elkins' duties with respect to posting signs is specifically prescribed under Section 19-13-B34 of the Regulations of Connecticut State Agencies and therefore is not discretionary. That section, however, applies only to an, "[a]rtificial bathing place without controlled water supply. `Artificial bathing place' means an artificially constructed impounding basin for surface water which is to be used for bathing or swimming by a considerable number of persons other then the immediate family of the owner or proprietor." Therefore, this section does not apply to the area where the decedent was swimming. Although the plaintiffs submitted an affidavit from Frank Pia, an expert in water safety and injury prevention, in which he attests that Southfield Beach is an artificial swimming area, and although Long Island Sound is "surface water,"[2]
the construction of one jetty to prevent soil erosion does not create an "impounding basin."[3] Similarly, the importation of sand to a beach does not transform a natural body of water, such as Long Island Sound, into an artificial swimming area. Therefore, subsection (d) of section19-13-B34 of the Regulations of Connecticut State Agencies, which requires the posting of warning signs, does not impose ministerial duties on Elkins.
The plaintiffs also submitted excerpts from the deposition of Andrew McBride, the director of the Stamford health department. McBride testified that when his department closes a beach, they inform the parks and recreation department of the closing, and they rely on that department to post signs indicating that the beach is closed to swimming. (Plaintiffs' Memorandum, Ex. B, p. 20.) McBride further testified that his department expects that the parks and recreation department will post the signs. (Id.) McBride's expectations, although tending to show Elkin's duties to be ministerial, are not conclusive as to this issue.
Because neither party has established conclusively that Elkins' duties to warn and/or inspect Southfield Beach are either discretionary or ministerial, it is an issue of fact for a jury to determine, and summary judgment based on governmental immunity is inappropriate. See Lombard v.CT Page 14354Edward J. Peters, Jr., P.C., supra, 252 Conn. 628; Colon v. New Haven,60 Conn. App. 178, 181, 758 A.2d 900 (2000). Accordingly, the defendants' motion for summary judgment with respect to the claims against Elkins, counts two, five, eight, eleven and fourteen, is denied.
 B
The court will now address the plaintiffs' claims against the city of Stamford. With respect to the plaintiffs' negligence claims, the city argues that it did not owe a duty to the decedent to warn him of the risks of swimming, absent any dangerous condition such as rocks or strong current. The city further argues that while the beach may have been open to the public, the water was not open for swimming, and had not been open for decades. In response, the plaintiffs argue that there is a genuine issue of material fact as to their status at the time of the incident, i.e., whether they were invitees or licensees, and that their status in turn determines the duty the city owed to them. The plaintiffs further argue that the city maintained Southfield Park as a recreational facility for the public, and that the facility included a beach. They argue that the city failed to post "no swimming" signs, and failed to distinguish which parts of the park were open for public use and which were closed. As a result, the plaintiffs argue, the city invited the public to use Southfield Park, its beach, and by implication, the water.
"The status of an entrant on another's land, be it trespasser, licensee or invitee, determines the duty that is owed to the entrant while he or she is on a landowner's property." Salaman v. Waterbury, 246 Conn. 298,304-305, 717 A.2d 161 (1998). "In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee. . . . A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover. . . ." (Citations omitted.) Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323,327, 612 A.2d 1197 (1992). "A public invitee is a person who is invited to enter or remain on land as a member of the public for the purpose for which the land is held open to the public." (Internal quotation marks omitted.) Kurti v. Becker, 54 Conn. App. 335, 338, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999). "Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact. . . . Where, however, the facts essential to the determination of the plaintiff's status are not in dispute, a legal question is presented." (Internal quotation marks omitted.) Kolaniak v. Board ofEducation, 28 Conn. App. 277, 282, 610 A.2d 193 (1992). CT Page 14355
In the present case, the facts essential to the determination of the plaintiffs' status are in dispute. Here there is a genuine issue of material fact as to whether the city invited members of the public to use the water at Southfield Beach. The plaintiffs presented evidence that the city maintained Southfield Park and the abutting Southfield Beach for public use. (Plaintiffs' Memorandum, Ex. B., p. 14-15) Further, the city made improvements on the land, in the form of playground equipment, basketball courts, a picnic area, bathhouse and a parking lot. (Id.) The city also made improvements to the beach after a storm by importing sand to restore and expand the beach. The city does not dispute this evidence. Instead, the city maintains that the water was closed for swimming by the health department, and remained closed on the day of the decedent's drowning. Therefore, the city claims it owed no duty to post signs, or warn that there was no lifeguard on duty. In light of the undisputed fact that no barrier was placed between the beach and the water, and no signs were posted warning members of the public that the water was closed to swimmers, there is an issue of fact as to whether the city, by improving the park and the beach, invited members of the public to use it for swimming.
The city also maintains that it did not have a duty to warn of the open and obvious danger of swimming. The city relies on Salaman v. Waterbury,
supra, 246 Conn. 298. In that case, the Supreme Court held that "the city was not required to remind adult swimmers of the obvious and commonly known danger of drowning inherent in swimming." Salaman v. Waterbury,
supra, 246 Conn. 307. The court specifically limited its holding to adult swimmers. See Id. 308. Further, in that case the court specifically noted that, "there was no evidence that the city encouraged or permitted swimming. . . ." Id., 307. Such is not the case here. As noted above, the plaintiffs submitted evidence that the city made improvements to the beach and park, and failed to erect barriers or post signs limiting the public's access to the beach area only. (See e.g., Plaintiffs' Memorandum, Exhibits B, pp. 15, 25, 27, 40; C, pp. 18-19, 71-72.) This evidence is sufficient to create an issue of fact on the question of whether the city encouraged visitors to use the beach for swimming. Accordingly, the defendants' motion for summary judgment with respect to the claims against the city of Stamford, counts one, four, seven, ten and thirteen, is denied.
The decedent's estate also brings a claim against the city for nuisance. The city argues that it is entitled to summary judgment on the nuisance count (count three) on the grounds that 1) it owed no duty to the decedent, 2) it did not create a hazardous condition through any positive acts, 3) its use of the land was not unreasonable, and 4), the decedent drowned in an area of Long Island Sound over which the city had no control. In response, the plaintiffs argue that the city engaged in a CT Page 14356 positive act when it improved the park and beach, thereby inviting the public to swim in the water. Further, the plaintiffs argue that the city failed to take any steps to prevent access to the water, and that such failure, in light of the improvements made, was unreasonable. Finally, the plaintiffs argue that the conditions created by the defendants were likely to cause harm to the public, and especially to youngsters.
"A public nuisance exists if: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created is a continuing one; (3) the use of the land is unreasonable or unlawful; and (4) the condition or conduct complained of interferes with a right common to the general public."Keeney v. Old Saybrook, 237 Conn. 135, 162-63, 676 A.2d 795 (1996). "[L]iability can be imposed on the municipality only in the event that, if the condition constitute[s] a nuisance, it was created by some positive act of the municipality." (Internal quotation marks omitted.) Id., 164.
In the present case, the city argues that it did not create the water pollution, nor tear down the "no swimming" signs. While this may be true, those are not the positive acts that the plaintiffs contend created a nuisance. The positive acts the plaintiff complained about are the city's actions in improving the park and beach which acts they allege encouraged the public to use the beach for swimming. The city does not dispute that it improved the park and beach. Instead the city argues only that they had no duty to warn. As stated above, the city's duty is based on the status of the plaintiffs, which is a question of fact that cannot be resolved on a motion for summary judgment.
In addition, there is an issue of fact as to whether the acts of the city in improving Southfield Park and Southfield Beach and then failing to post "no swimming" signs was unreasonable. In the context of the reasonable use rule, "[t]he issue of reasonableness is a question of fact to be determined on a case by case basis, considering all the relevant circumstances, including such factors as the amount of harm caused, its foreseeability, the purpose or motive with which the act was done, and the consideration of whether the utility of the use of the land outweighed the gravity of the harm resulting." Peterson v. Oxford,189 Conn. 740, 745, 459 A.2d 100 (1983); see also Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 580, 657 A.2d 212 (1995). Accordingly, the defendants' motion for summary judgment with respect to the decedent estate's nuisance claim against the city of Stamford, count three, is denied.
Based on the foregoing, the defendants' motion for summary judgment as to all remaining counts of the plaintiffs' substitute amended complaint CT Page 14357 is denied.
SKOLNICK, J.