[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The plaintiff by way of a complaint dated December 20, 2000, commenced this action against the defendant City of New Haven and current or former employees Robert D. Levine, Pamela Kressman, Johannes Van Mierlo, Brian Funk, Michael Barker, Phil Value, Terry McCool, Gerry Driscoll and Jeffrey Pescolido. In addition to the aforementioned defendants, the plaintiff also named two additional defendants who are not parties to this motion to strike. In the complaint it is alleged that the plaintiffs minor decedent drowned in the waters of Long Island Sound at Lighthouse Point Park beach in the City of New Haven.
On April 3, 2001, the defendant New Haven and the above-named current or former employees of the City of New Haven filed a request to revise dated April 3, 2001. The plaintiffs in response, filed a revised complaint on May 2, 2001. Subsequently, the plaintiffs filed an amended complaint on May 15, 2001. Pursuant to Practice Book § 10-39 the defendant New Haven and the above-named current or former employees of the defendant New Haven, have filed a motion to strike the First through Seventeenth Counts and the Nineteenth through Twenty-First Counts of the plaintiffs amended complaint filed on May 2, 2001.
 I.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which CT Page 7425 relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
 II.
The municipal defendants argue that the allegations of the amended complaint do not establish that the minor decedent was a patron of Lighthouse Point Park at the time of her death. They further argue that without the specific allegation that the minor plaintiff was a patron, the municipal defendants owed her no duty.
The allegations of the amended complaint, read in a light most favorable to the plaintiffs, establish that the minor decedent was, in fact, a patron of the park when she drowned. Specifically, the plaintiffs allege in paragraphs 4 and 5 of Count One of their amended complaint that the defendant, New Haven, was the owner of Lighthouse Point Park and that it was in position and control of the park and the existing public beach at the park. The plaintiffs allege that the minor decedent drowned in the waters at the Lighthouse Point Park beach. The plaintiffs have CT Page 7426 established for the purposes of this motion to strike that the minor decedent was a patron of Lighthouse Point Park at the time of her death. The same allegations regarding the minor decedent and the municipal defendants, establishing that the minor decedent was a patron at Lighthouse Point Park beach when she drowned, have also been incorporated in Counts One through Seventeen and Counts Nineteen, Twenty and Twenty-One of the plaintiffs' complaint. "One who assumes to offer the use of public waters for bathing . . . owes a duty to exercise reasonable care to prevent injury to patrons who use the water in the usual and ordinary way and consistent with the invitation extended." Skelly v.Pleasure Beach Park, Corp., 115 Conn. 92, 160 A. 309 (1932). The pleadings, as set forth, are sufficient. Lyles v. Stamford,2000 Ct. Sup. 14350, No. CV 970340593, Superior Court, judicial district of Fairfield at Bridgeport (November 22, 2000), (Skolnick, J.).
 III.
The municipal defendants next argue that the First Count of the amended complaint, asserted against the City of New Haven only, should be stricken as the City is entitled to governmental immunity. The First Count of the amended complaint alleges negligence against New Haven and is brought pursuant to General Statutes § 52-557n (a)(1)(B). InWilliams v. New Haven, 243 Conn. 763, 764, 707 A.2d 1251 (1998), the Connecticut Supreme Court found that a plaintiff may not recover for negligence by a municipality for the performance of discretionary governmental functions unless a statute expressly provides an exception to governmental immunity recognized at common law. "The legislature has . . . set forth general principles of municipal liability and immunity in General Statues § 52-557n." Id. At 767. General Statutes §52-557n[1] abrogates the common law of governmental immunity, and sets forth the circumstances in which a municipality can be liable for damages to person or property. The plaintiffs have alleged negligence against New Haven and their action is brought pursuant to General Statutes §52-557n (a)(1)(B), which states that a municipality shall be liable for damages caused by "Negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit."
The municipal defendants argue that the court must first determine whether the plaintiffs have alleged the existence of a public or private duty and whether the alleged acts or omissions by the municipal defendants were governmental or ministerial. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 166-70, 544 A.2d 1185 (1988). Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature and generally impose no liability on the defendant municipality, while ministerial acts refers to a duty CT Page 7427 which is to be performed in a prescribed manner without the exercise of judgment or discretion. Mulligan v. Rioux, 229 Conn. 716, 727,643 A.2d 1226 (1994).
The municipal defendants argue that maintenance of a public park, such as here, is a governmental function. Wysocki v. City of Derby,140 Conn. 173, 175, 98 A.2d 659 (1953); Hannon v. Waterbury, 106 Conn. 283,136 A. 876 (1927), and that charging fees to defray the costs of maintaining and operating recreational facilities does not create a proprietary activity sufficient to remove governmental immunity. Millerv. Town of South Windsor, 2000 Ct. Supp. 13405, No. CV 9970122, Superior Court, judicial district of Tolland at Rockville, (October 27, 2000) (S.Ferrazza, J.), citing Hannon v. Waterbury, supra. The municipal defendants contend that the plaintiffs have failed to allege an essential element, that the defendant New Haven, realized a profit from the fees allegedly charged "to nonresidents to the aforementioned park."
In Count One, the plaintiffs have specifically pleaded in paragraph 16, that said count is brought pursuant to General Statutes §52-557n (a)(1)(B). Further the plaintiffs have pled in paragraph 6 of Count One that New Haven "was involved in a pecuniary activity in that it charged admissions to non-residents to the aforementioned park." The question of whether or not New Haven derives a "special corporate profit or pecuniary benefit" from its charging of admission is a question of fact, more appropriately addressed in a subsequent motion for summary judgment, or at trial by the trier of fact.
In Hannon v. Waterbury, 106 Conn. 13, 136 A. 876 (1927) and Miller v.Town of South Windsor, supra, the court set forth factual findings regarding the defendant municipalities' charging of admissions and fees. The court in Hannon specifically found that there was no profit derived from operating a swimming pool at the local high school. In Miller, which was a motion for summary judgment, the court stated that it had no documentary evidence to show that the town was profiting from charging fees for town residents and out of town residents for the use of Lighted playing fields. The court, thus, ruled in Miller that there existed no genuine factual dispute that the operation of the playing field was not proprietary within the meaning of General Statutes § 52-557n (a)(1)(B).
This court, bearing in mind, the purposes of a motion to strike, finds that the plaintiffs have alleged sufficient facts to state a claim upon which relief can be granted. Mingachos v. C.B.S., Inc., supra. The trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People'sBank, supra. CT Page 7428
 IV.
The municipal defendants further attempt to strike Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen and Nineteen, which are asserted against the individually named defendants. The municipal defendants argue that these individual municipal officials are entitled to qualified immunity in that their activities were discretionary in nature. In addition, the municipal defendants also seek to strike the First Count against New Haven under the theory that its activities were also discretionary in nature. The causes of action brought against the individually named municipal officials are brought pursuant to General Statutes § 7-465, with corresponding claims for indemnity against the defendant New Haven. The direct cause of action against New Haven is pursuant to § 52-557n.
General Statutes § 52-557n imposes liability directly upon a municipality for the negligence of its officials under certain circumstances, while General Statutes § 7-465[2] provides that a municipal employer must indemnify its officials under certain circumstances. These two statutes must be read together. Lyles v.Stamford, 2000 Ct. Sup. 14350, No. CV 970340593, Superior Court, judicial district of Fairfield at Bridgeport (November 22, 2000), Skolnick, J.).
The municipality and its officials are not entitled to immunity as the plaintiffs have pleaded that they were involved in a proprietary or for the profit activity. Additionally, whether the allegations complained of by the plaintiffs were governmental or ministerial is a factual question which depends on the nature of the act complained of. Gauvin v. NewHaven, 187 Conn. 180, 186, 445 A.2d 1 (1982). A determination of whether or not an act is ministerial or discretionary does not lend itself to resolution by way of a motion to strike. Lyles v. Stamford, supra. There are factual questions with respect to whether or not the municipality's activities were discretionary in nature.
 V.
The municipal defendants next move to strike Counts Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen and Twenty of the complaint. These counts allege indemnity of the municipality for the negligent acts of its employees pursuant to General Statutes § 7-465. Since the counts against the individually named municipal defendants are legally sufficient, the corresponding counts against New Haven pursuant to § 7-465 shall also survive the motion to strike.
 VI. CT Page 7429
Lastly the municipal defendants move to strike the Twenty-First Count of the amended complaint which alleges a cause of action sounding in nuisance, pursuant to General Statutes § 52-557n (a)(1)(C). The defendants claim that the plaintiffs have not pleaded that the defendants created the nuisance by a positive act.
In order to sustain a cause of action in public nuisance it must be shown that the condition complained of has a natural tendency to create danger and inflict injury upon person or property; the danger created is a continuing one; the use of the land is unreasonable or unlawful; and the condition or conduct complained of interferes with a right to the general public. Keeney v. Town of Old Saybrook, 237 Conn. 135, 162-163,676 A.2d 795 (1996). Additionally, liability against the municipality can only be imposed if the nuisance was created by some positive act of the municipality. Id. At 164.
The plaintiffs have alleged the beach was unprotected; that it was open to the public; that the defendants failed to adequately warn young bathers; and that they failed to erect or place barricades to prevent young children from going into deep water. The allegations assert a positive act on behalf of the City of New Haven in creating a nuisance and said allegations as pleaded are sufficient to survive the defendants' motion to strike.
Accordingly the motion to strike is denied in its entirety.
By the Court,
By: ______________ Arnold, J